

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,197-01

### EX PARTE TORRY JAMAL REED, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 41786-A-H-1 IN THE 124TH DISTRICT COURT
### FROM GREGG COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to 75 years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Reed v. State,* No. 06-17-00104-CR (Oct. 10, 2018, pet. ref'd).

Applicant contends that his trial counsel rendered ineffective assistance because he provided misleading advice and pressured Applicant into pleading guilty, so that the guilty plea was involuntary; failed to call and discouraged two alibi witnesses; had a conflict of interest; and failed to preserve several trial and pretrial errors.

The trial court entered findings of fact and conclusions of law, recommending that this application be denied. The court's findings and conclusions rely in part on an affidavit filed by trial counsel. However, no affidavit from counsel is in the record before this Court.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. If the trial court has not already done so, the trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court has already entered findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. If appropriate, the trial court shall make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 60 days of this order. A supplemental transcript containing trial counsel's affidavit and any other affidavits and interrogatories or the transcription of the court

reporter's notes from any hearing or deposition, along with any supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 90 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 11, 2019
Do not publish